UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

OCHIENZES GODWIN,

                     Plaintiff,                        **COMPLAINT**

       - against -

BUKA NEW YORK CORP.,                 **JURY TRIAL DEMANDED**
LOOKMAN MASHOOD
and NATALIE GOLDBURG

                     Defendants.

----------------------------------------------------------x

Plaintiff Ochienzes Godwin ("Godwin"), by her undersigned attorneys, alleges for her complaint against defendants as follows:

## INTRODUCTION

1.    This is a minimum wage case brought by a former server against a restaurant and its owner-managers to recover unpaid wages and obtain related relief pursuant to Section 16 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216; Sections 198 and 663 of the New York Labor Law ("Labor Law"); and regulations issued by the New York State Department of Labor. Plaintiff also asserts retaliation claims based on defendants' retaliatory discharge of her for having asserted her rights under FLSA and the Labor Law.

## JURISDICTION AND VENUE

2.     The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, which grants this Court original jurisdiction over claims involving a federal question of law.  Supplemental jurisdiction over the New York Labor Law claims exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).  The defendants reside in this District and the events or omissions giving rise to plaintiff's claims occurred in this District.

## PARTIES

4.     Plaintiff Ochienzes Godwin was employed by defendants as a server at their restaurant in Brooklyn from approximately January 22, 2019 to March 29, 2019.

5.     At all times relevant to this action, Godwin was an "employee" within the meaning of Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1), and Section 190(2) of the Labor Law.  She is a resident of New York, New York.

6.     Defendant Buka New York Corp. ("Buka") is a New York corporation that owns and operates a restaurant located at 946 Fulton street, Brooklyn, New York.

7.     Defendant Lookman Mashood ("Mashood") is the Chief Executive Officer, head chef, manager and a shareholder of Buka.  Upon information and belief, he resides in Brooklyn.

8.     Defendant Natalie Goldburg ("Goldburg") is a manager and, upon information and belief, an officer of Buka.  She is also a shareholder of Buka and, upon information and belief, resides in Brooklyn.

2

9.      Upon information and belief, Mashood and Goldburg are Buka's only shareholders.

10.      During the time period that is relevant to this action, each defendant was an employer of plaintiff within the meaning of Sections 2(6), 190(3) and 651(6) of the New York Labor Law and Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11.      Buka has (i) an annual gross volume of sales of no less than $500,000 and (ii) employees engaged in commerce or in the production of goods for commerce, or who handle, sell or otherwise work on goods or materials that have been moved in or produced for commerce.

12.       Buka employees' duties include preparing and cooking food for its customers and serving that food (and beverages) to its customers.  The food and beverages served include a variety of products and ingredients moved or produced in interstate commerce, such as tomatoes, cassava, yams, okra, peppers, beef, chicken, shrimp, snails, palm oil, tilapia, red snapper, catfish, spices, sugar, sugar cane juice, and liquor.

13.      Buka is an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

14.      At all times relevant to this action, defendants Mashood and Goldburg's duties and responsibilities included hiring and firing Buka's employees (including plaintiff); determining employee work hours (including that of plaintiff); determining the amounts, manner and methods of payment of employees' wages (including those of plaintiff); paying employees (including plaintiff); signing checks on behalf of Buka; and other administrative and managerial duties relating to the overall and day to day business and financial operations of the corporation Buka and the Buka restaurant.

3

15.     During the period of January to March of 2019, Buka had eleven or more employees.

## FACTS

16.     Plaintiff was hired by defendants to work as a server at their restaurant (called "Buka" or "Buka New York") in January 2019.  Her main duties and responsibilities in that position was to take customers' food and drink orders, serve them their food and drinks, and collect payment from them.

17.     At the time she was first hired in January 2019, plaintiff was told by defendant Goldburg, who interviewed her and offered her the job, that she would be paid $50 per day.

18.     Approximately two or three weeks after starting her employment with defendants, defendant Mashood told her that the $50 per day she had previously been told would be her rate of pay was a mistake and she was actually going to be paid $60 per day.

19.     Plaintiff was never paid the $60 per day she was told would be her rate of pay, or even the $50 per day she had originally been told would be her rate of pay.  Instead, plaintiff was never paid any salary, hourly wage or daily wage for the hours she worked for defendants.

20.     While plaintiff was employed by defendants, customers customarily and regularly left tips for employees who served them, including plaintiff, who regularly received more than $30 per month in tips.  Some tips were given in cash.  Some tips were paid by credit card.

21.     Upon information and belief, plaintiff received most or all of the cash tips that were left for her by customers.

22.     Upon information and belief, plaintiff received a portion of the tips that were paid

by credit card by Buka's customers and intended for her.  However, upon information and belief,

some of the credit card tips that were intended for and should have been distributed to plaintiff

was retained by defendants.

23.     Godwin worked on the following dates and for the number of hours indicated:

| DATE | HOURS WORKED |
|:---:|:---:|
| 1/22/19 | 11 |
| 1/26/19 | 11 |
| 1/31/19 | 9.5 |
| 2/3/19 | 10 |
| 2/9/19 | 11 |
| 2/12/19 | 10 |
| 2/14/19 | 11 |
| 2/15/19 | 9.5 |
| 2/24/19 | 11 |
| 2/28/19 | 9.5 |
| 3/2/19 | 11 |
| 3/5/19 | 9.5 |
| 3/9/19 | 11 |
| 3/29/19 | 9 |

24.     Godwin did not take meal breaks on the days she worked and worked

continuously from her arrival until her departure at the end of her shift, for the number of hours

indicated in the chart in Paragraph 22.

25.     Defendants did not maintain accurate records of plaintiff's actual work hours.

26.     Plaintiff was, at all relevant times, a non-exempt employee as that term is used for purposes of the Fair Labor Standards Act and N.Y. Labor Law.  Her primary duties consisted, at all times, of non-exempt work.

27.     Defendants failed to provide plaintiff with a written notice providing the information required by N.Y. Labor Law § 195(1)(a) within ten business days of her hiring or at any other time thereafter.  Specifically, and for example, defendants failed to notify plaintiff of her regular and overtime hourly rates of pay.

28.     Defendants never provided plaintiff with a statement providing the all the information required by Labor Law § 195(3).  Specifically, and for example, the approximately four times defendants paid plaintiff anything at all (which, upon information and belief, were mostly or entirely amounts left by customers as tips), there was no statement provided to plaintiff containing any of the following information: the dates of work covered by the payment; the phone number of employer; plaintiff's rate or rates of pay and the basis thereof; allowances, if any, claimed as part of the minimum wage; plaintiff's regular hourly rate; plaintiff's overtime rate;  the number of regular hours worked; and the number of overtime hours worked.

29.     Defendants were aware, while plaintiff was employed by them, that there are state and federal laws that require non-exempt employees to be paid no less than a minimum wage set by law.

30.     Defendants did not inform or notify plaintiff that they would be taking a tip credit toward the state or federal minimum wage.  Nor did defendants inform, notify or explain to

plaintiff that they would pay her the difference between (1) the total of what she received in tips and wage payments in work week and (2) the applicable minimum wages in the event her total wages and tips for any week she worked would otherwise amount to less than the applicable minimum wages for the hours she worked that week.

31.     In or about late March or early April of 2019, plaintiff complained to defendant Goldburg that defendants were violating minimum wage laws by paying her less than the applicable minimum wage rates, that plaintiff had the right to be paid the wages she was legally entitled to be paid under the minimum wage laws and that, if she were to sue defendants for their minimum wage violations, would be able to recover liquidated damages in addition to the wages she was owed.

32.     After complaining to Goldburg about defendants' violation of the minimum wage laws, defendants stopped putting plaintiff on their work schedule, terminating her for asserting her right to be paid at least the minimum wage.  Her last day of work was March 29, 2019.

## FIRST CAUSE OF ACTION: FEDERAL MINUMUM WAGE VIOLATIONS

33.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

34.     Defendants failed to pay plaintiff at least the federal minimum wage of $7.25 per hour for the hours she worked.

35.     Defendants' failure to pay plaintiff a wage of at least $7.25 per hour violates 29 U.S.C., § 206.

36.     Defendants' failure to pay plaintiff the minimum wage was willful, intentional

and not in good faith and defendants did not have reasonable grounds for believing that their acts or omissions were not a violation of federal or state minimum wage laws and regulations.

37.     Plaintiff is entitled to recover from defendants, jointly and severally, the unpaid minimum wage compensation she is owed, liquidated damages in an amount equal to the wage underpayments owed, plus reasonable attorney's fees and the costs of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION: NEW YORK STATE OVERTIME VIOLATIONS**

38.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

39.     Defendants violated Labor Law § 652 and 12 NYCRR § 142-2.1 by failing to pay plaintiff the New York minimum wage of $15.00 per hour for the hours she worked.

40.     Plaintiff is entitled to recover from defendants, jointly and severally, the unpaid minimum wage compensation she is owed, liquidated damages in an amount equal to the wage underpayments owed, pre-judgment interest in the amount of 9% per annum, plus reasonable attorney's fees and the costs of this action, pursuant to Labor Law §§ 198(1-a) and 663.

**THIRD CAUSE OF ACTION:  TIP STEALING (FEDERAL LAW)**

41.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

42.     By retaining tips intended for Godwin, defendants violated 29 U.S.C. §

8

203(m)(2)(B).

43.      Pursuant to 29 U.S.C. § 216(b), defendants are liable to plaintiff, jointly and

severally, in the amount of tips that were withheld from her, liquidated damages in an amount

equal to the unlawfully retained tips, plus reasonable attorney's fees and the costs of this action.


**FOURTH CAUSE OF ACTION:  TIP STEALING (NEW YORK LAW)**

44.      Plaintiff re-alleges and incorporates by reference all allegations in all preceding

paragraphs as if fully set forth herein.

45.      By retaining tips intended for Godwin, and failing to provide the written notice to

plaintiff required by 12 NYCRR § 146-2.2, defendants violated Labor Law § 196-d and 12

NYCRR § 146-1.3.

46.      Pursuant to Labor Law §§ 198(1-a) and 663, defendants are liable to plaintiff,

jointly and severally, in the amount of tips that were withheld from her, liquidated damages in an

amount equal to the unlawfully retained tips, pre-judgment interest in the amount of 9% per

annum, plus reasonable attorney's fees and the costs of this action.


**FIFTH CAUSE OF ACTION:  SPREAD OF HOURS**

47.      Plaintiff re-alleges and incorporates by reference all allegations in all preceding

paragraphs as if fully set forth herein.

48.      On at least seven occasions, plaintiff worked more than ten hours in a day.

49.      Pursuant to NYCRR § 146-1.6, plaintiff was entitled to be paid an extra hour's

pay at the N.Y. minimum wage rate of $15 per hour for each day she worked more than ten

hours.

50.     Plaintiff is entitled to recover from defendants, jointly and severally, the unpaid spread-of-hours pay she is owed, liquidated damages in an amount equal to the spread-of-hours pay owed,  pre-judgment interest in the amount of 9% per annum, plus reasonable attorney's fees and the costs of this action, pursuant to Labor Law §§ 198(1-a) and 663.


### SIXTH CAUSE OF ACTION:  RETALIATION (FEDERAL LAW)

51.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

52.     Defendants terminated plaintiff in retaliation for her complaining about their failure to pay her the minimum wage and demanding that her rights under the FLSA be respected.

53.     Defendants' retaliatory discharge of plaintiff is a violation of FLSA's anti-retaliation provision, 29 U.S.C, § 215(a)(3).

54.     Plaintiff has suffered emotional distress as a result of her unlawful retaliatory discharge.

54.     On account of their unlawful retaliation, defendants are liable to plaintiff for back pay, liquidated damages in an amount equal to amount of back pay owed, compensatory damages (including for emotional distress suffered by plaintiff), punitive damages, plus reasonable attorney's fees and the costs of this action.

## SEVENTH CAUSE OF ACTION:  RETALIATION (NEW YORK LAW)

55.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

56.     Defendants terminated plaintiff in retaliation for her complaining about their failure to pay her the minimum wage and demanding that her rights under the Labor Law be respected.

57.     Defendants' retaliatory discharge of plaintiff is a violation of the Labor Law's anti-retaliation provision, Labor Law § 215

58.     Plaintiff has suffered emotional distress as a result of her unlawful retaliatory discharge.

59.     On account of their unlawful retaliation, defendants are liable to plaintiff for back pay, liquidated damages in an amount equal to amount of back pay owed, pre-judgment interest on the back pay owed, compensatory damages (including for emotional distress suffered by plaintiff), punitive damages, plus reasonable attorney's fees and the costs of this action.

## EIGHTH CAUSE OF ACTION:  VIOLATION OF LABOR LAW § 195(1)

60.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

61.     Plaintiff was not provided with the notice required by Labor Law § 195(1)(a) within ten business days of her hiring or at any time thereafter.

62.     Pursuant to Labor Law § 198(1-b), defendants are liable to plaintiff in the amount of $50 for each work day that the violation of § 195(1) occurred or continue to occur.

11

## NINTH CAUSE OF ACTION:  VIOLATION OF LABOR LAW § 195(3)

63.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

64.     Plaintiff was never provided with a statement containing the information required by Labor Law § 195(3) either at the times she was paid or at any time thereafter.

65.     Pursuant to Labor Law § 198(1-d), defendants are liable to plaintiff in the amount of $250 for each violation of § 195(3) that occurred and for each work day that the violations of § 195(3) continued to occur.


## TRIAL BY JURY

Plaintiff requests a trial by jury on all claims asserted herein.


## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests that a judgment be granted as follows:

1.     Awarding plaintiff the wages she is due under the FLSA and N.Y. Labor Law for defendants' failure to pay her the minimum wage;

2.     Awarding plaintiff the tips that were unlawfully retained by defendants;

3.     Awarding plaintiff the amount of spread-of-hours wages she was entitled to be paid but was not paid;

4.     Awarding plaintiff back pay, compensatory damages (including emotional distress damages) and punitive damages on her retaliatory discharge claims;

5.      Awarding plaintiff $5,000 in statutory damages for defendants' violation of Labor Law § 195(1)(a);

6.      Awarding plaintiff $5,000 in statutory damages for defendants' violation of Labor Law § 195(3);

7.      Awarding plaintiff liquidated damages for the unpaid wages, stolen tips and back pay she is owed;

8.      Awarding plaintiff pre-judgment interest and post-judgment interest;

9.      Awarding plaintiff the costs of this action and reasonable attorney's fees; and

10.     Awarding such other relief as this Court deems just and proper.

Dated:  February 21, 2020

LICHTEN & BRIGHT, P.C.
Attorneys for Plaintiff

By: _____
            Daniel R. Bright (DB-9373)
            387 Park Avenue South, 5th Floor
            New York, New York  10016
            (646) 588-4871

13